IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD WALSH<br>6 Heidelberg Court<br>Bernville, PA 19506<br><br>     Plaintiff,<br><br>v.<br><br>AMERICAN RED CROSS<br>431 18th Street, NW<br>Washington, DC 20006<br><br>MODIS<br>10151 Deerwood Park Boulevard<br>Building 200, Suite 400<br>Jacksonville, FL 32256<br><br>     Defendants. | CIVIL ACTION NO. _____<br><br><br><u>**JURY TRIAL DEMANDED**</u> |

## COMPLAINT – CIVIL ACTION

Plaintiff Gerald Walsh ("Plaintiff"), by and through his undersigned counsel, for his Complaint against American Red Cross and Modis ("Defendants"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

### PARTIES

2. Plaintiff, Gerald Walsh, is an adult American citizen who currently maintains a residence at 6 Heidelberg Court, Bernville, PA 19506.

3. Defendant, American Red Cross is a professional organization operating and existing under the laws of the Commonwealth of Pennsylvania, with its headquarters located at 431 18th Street, NW, Washington, DC 20006.

4. Defendant, Modis is a professional corporation operating and existing under the laws of the Commonwealth of Pennsylvania, with its headquarters located at 10151 Deerwood Park Boulevard, Building 200, Suite 400, Jacksonville, FL 32256.

5. At all times relevant hereto, Defendants acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

6. Paragraphs 1 through 5 are hereby incorporated by reference as though the same were more fully set forth at length herein.

7. This action is authorized and instituted pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

8. This Court has original jurisdiction over Plaintiff's FLSA claim, pursuant to 28 U.S.C. §§ 1331 and 1343, as it is an action arising under the laws of the United States.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this district and conducts business therein, and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

10. Paragraphs 1 through 9 are hereby incorporated by reference as though the same were more fully set forth at length herein.

11. Plaintiff was hired by Modis, a consulting firm, on or around May 2, 2017 to do work with American Red Cross.

12. Modis contracted Plaintiff out to do work for the American Red Cross as a Project Manager, setting up network hardware.

13. Modis and American Red Cross provided Plaintiff with an eighteen (18) month contract of employment to work forty (40) hours per week.

14. On or around May 2, 2017, Plaintiff spoke with Tom Jones ("Mr. Jones"), a representative for the project with American Red Cross. The purpose of this call was for Mr. Jones to "show Plaintiff the ropes."

15. While on the call with Plaintiff, Mr. Jones stated that "this was going to be a hard job with a tight deadline."

16. Additionally, Mr. Jones stated that on average staff must put in sixty (60) hours per week. Plaintiff responded that he was happy to work overtime and could use the overtime hours. To this, Mr. Jones responded that "we do not put in for overtime."

17. As such, Plaintiff stated "I'll work overtime but I want to be paid for my overtime hours." Mr. Jones replied by stating, "that's what the last one said but we got rid of her."

18. Further, Mr. Jones stated that Plaintiff should be happy to work overtime "for the mission, and not for the compensation."

19. Shortly thereafter, Plaintiff reached out to Anne Marie Colb ("Ms. Colb"), who held his position with American Red Cross previously.

20. Ms. Colb confirmed that she was forced to work overtime and was not allowed to put in for the overtime hours she worked and was never compensated for any hours over forty (40) hours per week.

21. Again, Plaintiff spoke with Mr. Jones and expressed his concerns about working overtime hours and not being compensated.

22. Plaintiff also filed a formal complaint with Wes Wilbourn ("Mr. Wilbourn"), the person from American Red Cross who initially interviewed him.

23. After this complaint, Mr. Jones began to treat Plaintiff badly. Mr. Jones began to belittle Plaintiff and scream obscenities at him.

24. On or around May 24, 2017, Plaintiff sent Tracy McGovern ("Ms. McGovern"), a Consultant with Modis, an email complaining that he was being asked to work sixty (60) plus hours per week without overtime compensation.

25. Ms. McGovern responded to Plaintiff's complaint stating that she would reach out to American Red Cross's Human Resources department to address Mr. Jones's conduct. However, Ms. McGovern did not address the overtime violations with Plaintiff or upon information or belief, American Red Cross Human Resources.

26. On or around May 30, 2017, Plaintiff received a text message stating that American Red Cross terminated his assignment immediately and that he was terminated.

27. Plaintiff was terminated in retaliation for reporting and making complaints about FLSA violations to both Modis and American Red Cross.

28. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 215(a)(3)
## RETALIATION

29. Paragraphs 1 through 28 are hereby incorporated by reference as though the same were fully set forth at length herein.

4

30. Plaintiff engaged in protected activity under the FLSA by complaining to both American Red Cross and Modis alleging violations by Defendants of the FLSA.

31. Plaintiff suffered adverse action from Defendants as a result, including but not limited to: (a) the termination of his employment.

32. Defendants terminated Plaintiff's employment because Plaintiff engaged in protected activity under the FLSA.

33. As a result of Defendants' retaliatory actions, Plaintiff has suffered and continues to suffer damages, including, but not limited to loss of employment, earnings, earnings potential, bonuses, damage to reputation and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant him the maximum relief allowed by law, including, but not limited to:

A. Awarding Plaintiff back pay wages and front pay in an amount consistent with the FLSA;

B. Awarding Plaintiff liquidated damages in accordance with the FLSA;

C. Awarding Plaintiff reasonable attorney's fees and all costs in this action, to be paid by Defendants, in accordance with the FLSA;

D. Awarding pre- and post-judgment interest and court costs as further allowed by law;

E. For all additional general and equitable relief to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: January 22, 2018

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.